## EDWARD WALLACE CHINN *v.* ABBIE LEE CHINN.

### No. 2352.

ARGUED NOVEMBER 14, 1938.        DECIDED NOVEMBER 18, 1938.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

Libel for divorce was filed August 14, 1936, alleging two grounds. The ground set forth in the first count was utter and willful desertion for more than six months. The ground of the second count was "such cruel treatment, neglect and personal indignities which continued over a course of more than eighteen months last past, as to render the life of libellant burdensome and intolerable and their further living together insupportable."

The libelee on September 1, 1936, demurred to libel and to each count thereof, the ground of the demurrer as to each count being that the libel does not state sufficient facts to support the ground of divorce purported to be set forth therein. On September 24, 1936, as shown by the minutes of that date, counsel for the libelee being present the demurrer was overruled but no order overruling the demurrer was entered. No other or further pleading was filed by the libelee. On October 19, 1936, the court notified counsel for both libelee and libelant, by letter, that on October 27, 1936, at 9:00 o'clock a.m., there would be the calling of the divorce calendar and that the attached memorandum of causes would be called at that time, day and date for setting for trial or other disposition as the court may then determine. Counsel were requested to be prepared then to have their cases disposed of. The memorandum enclosed with the notice to each counsel included this case.

On October 27, 1936, the libelant and his counsel appeared at the call of the calendar but neither the libelee nor her counsel appeared, whereupon the case was tried *ex parte* and the divorce granted as prayed. The decree granting divorce was filed the same day.

On June 4, 1937, more than seven months after entry of the decree, the libelee filed her motion to set aside the decree of divorce of October 27, 1936. The grounds of the motion are: That the attorney for libelee was not notified that a hearing was to take place; that the attorney for libelant informed the court that he supposed the attorney for libelee had deserted this case; that "as far as the attorney for libellee is concerned," there was never a hearing on his demurrer, nor a ruling thereon; that the libelee has been ready and at all times willing to contest this case; that the libelant did not have a meritorious cause of action; that even though the demurrer of libelee had been overruled, libelee was not told to answer or to further plead.

Said motion is supported solely by the affidavit of Edward A. O'Connor, the attorney of record for libelee, in which is set forth the following: (1) That on September 1, 1936, he filed a demurrer to the libel; (2) that he appeared on behalf of libelee and was ready and willing to argue said demurrer but did not have an opportunity to do so; (3) that he was informed that a decree of divorce had been entered; (4) that he was not notified at any time of any such hearing; (5) that at all times he was the attorney of record "in the above entitled case"; (6) that the libelee is very anxious to be heard in this matter; (7) that through no fault of either the libelee or her attorney, due to the fact that they were never notified that this matter was coming on for hearing at any date, did they fail to appear and present their side of the libel.

The motion to set aside the decree is signed in behalf of the libelee by her attorney of record and is, as heretofore stated, supported solely by the affidavit of said attorney. The affidavit is silent on the question of a meritorious defense and the motion is also silent on that question unless the statement contained in the motion to the effect that the libelant did not have a meritorious cause of action is equivalent to saying that the libelee has a meritorious defense.

No written answer to the motion and no counter affidavits were filed. When said motion came on for hearing counsel for libelant made an oral motion to dismiss the motion to set aside the decree on the general ground that the motion and affidavit are insufficient in law and the specific ground that they do not show that the movant has a meritorious defense to the libel for divorce.

The reporter's transcript shows that the circuit judge sustained the oral motion of libelant to dismiss the motion of libelee to set aside the decree of divorce. The decision made and entered by the judge and from which this appeal

is taken is a denial of the libelee's motion to set aside the decree of divorce. In view of the conclusion we have reached as to the sufficiency of libelee's motion to set aside the decree we do not deem it necessary to consider other matters presented at the argument.

We are of the opinion that divorce decrees, as well as other judgments and decrees, should not be set aside for mere irregularities unless in the proceeding to have it set aside it is clearly made to appear that the failure of the libelee to contest is excusable and that if given the opportunity to contest can and will present a meritorious defense. (*Brokaw et al* v. *Brokaw*, 192 N. E. [Ind.] 728; *Maguire* v. *Maguire*, 78 N. Y. S. 312; *Wade* v. *Wade*, 180 S. W. [Tex.] 643.)

Before a decree of divorce entered after appearance of libelee but in the absence of libelee and her counsel will be set aside she must allege and show a meritorious defense to the cause of action setting up the facts upon which such defense is based. The mere statement that the libelant did not have a meritorious cause of action, even if construed as the equivalent of a statement that the libelee has a meritorious defense, is not sufficient. (*Wade* v. *Wade, supra*; *Maguire* v. *Maguire, supra*.)

The movant in this case has wholly failed to comply with the rule above announced. Her motion was therefore fatally defective.

Believing that the circuit judge did not err in refusing to set aside the decree, the order appealed from is affirmed.

*E. A. O'Connor* (also on the brief) for libelee.

*S. Landau* (F. Patterson on the brief) for libelant.